**CABELL v. CLARK, U. S. Atty. Gen., et al.**
**No. 217, Docket 20522.**

Circuit Court of Appeals, Second Circuit.
May 26, 1947.

154

Charlton Ogburn, of New York City, for appellant.

John F. X. McGohey, U. S. Atty., of New York City (Nathan Skolnik, Asst. U. S. Atty., of New York City, of counsel), for appellees.

Before L. HAND, SWAN and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This much litigated action was before this court in Cabell v. Markham, 2 Cir., 148 F.2d 737, where we reversed a judgment dismissing the complaint upon the ground that the claim of the plaintiff for services and disbursements had not been filed with the Alien Property Custodian within the time prescribed by section 9(e) of the Trading with the Enemy Act, 50 U.S.C.A.Appendix, § 9(e). Our decision was affirmed in Markham v. Cabell, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165. Upon remand to the District Court the defendants filed their answer. Thereafter and before the case was reached for trial, the Trading with the Enemy Act was amended by Public Law 671, effective August 8, 1946, U.S.C. Congressional Service 1946, page 893, 50 U.S.C.A.Appendix, § 34(i), to provide an administrative remedy for "debt claimants" and to make such remedy exclusive.[1] Relying on this statute, the defendants moved to dismiss the complaint on the ground that the court lacks jurisdiction over the subject matter. The motion was granted, and from the ensuing judgment the plaintiff has appealed.

The appellant frankly concedes that if he has a mere "debt claim", the present action cannot be further maintained. He contends, however, that the facts alleged in the complaint (and admitted to be true by the motion) show that his client, an Italian insurance company, gave him an equitable assignment of funds in the possession of the New York Superintendent of Insurance as liquidator of the United States Branch of the Italian company. From the complaint it appears that he filed with the liquidator a claim for services and disbursements in the sum of $21,848.89, bearing an endorsement signed by an officer of the Italian company that the claim "has been submitted to the Home Office of Assicurazioni, and has been approved." Part of this claim was allowed and paid; but the balance, $7,000,[2] was disallowed on the ground that the services and disbursements represented by this sum were for the benefit of the Home Office and were therefore not properly chargeable against the assets of the United States Branch.[3] The above-quoted endorsement of the claim, it is urged, evidenced an intent to transfer to the appellant a present interest in assets of which the debtor was the beneficial owner, namely, the assets of its United States Branch in the possession of the liquidator. In our opinion no such inference of intent is justified. The parties supposed that the whole claim was a domestic claim payable out of the funds in the hands

---

[1] Section 34(i) provides: "The sole relief and remedy available to any person seeking satisfaction of a debt claim out of any property or interest which shall have been vested in or transferred to the Alien Property Custodian * * * shall be the relief and remedy provided in this section, and suits for the satisfaction of debt claims shall not be instituted, prosecuted, or further maintained except in conformity with this section * * *."

[2] This is the sum, reduced to $6,922.02 by a correction in the amount of disbursements, involved in the present suit.

[3] The liquidator's disallowance was upheld by the New York Court of Appeals. In the Matter of the Liquidation of The General Insurance Company, Ltd., of Trieste and Venice, 292 N.Y. 524, 54 N.E.2d 208.

of the liquidator. As a domestic claim it was a preferred claim and the assets held by the liquidator were more than ample to pay all domestic creditors. Hence no assignment was necessary; and it would be quite unwarranted to impute to the parties an intent to provide security for a debt which they thought already amply secured. Therefore the debtor's "approval" was no more than evidence of the amount of the creditor's supposedly secured claim; it was not meant to create a security for the claim. As it turned out the assumed security did not extend to $7,000 of the claim, and the appellant argues that the "approval" must be taken as an equitable assignment in order to remedy that mistake. To do so we should have to cut the claim into two parts and hold that the "approval" was an assignment so far as it turned out that an assignment was necessary to create the security which the parties mistakenly supposed to exist without any assignment. Very probably an assignment would have been given if they had known the need of it, but we cannot make an agreement for them which they never made themselves. The District Court was correct in holding that the only effect of the endorsement was to make the appellant's bill an approved one.

Judgment affirmed.