### FAUSTEN v. CLARK, Attorney General.
#### Civ. A. No. 8972.

United States District Court
E. D. Pennsylvania.

Aug. 18, 1949.

Harry N. Brenner (of Brenner and Brenner), Philadelphia, Pa., for plaintiff.

George B. Searls, of Washington, D. C. (Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., David L. Bazelon, Asst. Atty. Gen., Director, Office of Alien Property, and Hermine-Herta Meyer, Office of Alien Property, Washington, D. C., on the brief), for defendant.

BARD, District Judge.

In this case the plaintiff is seeking to recover property which was seized by the Alien Property Custodian in· accordance with vesting orders issued under the authority of the Trading with the Enemy Act, as amended.[1] The case is now before me on the defendant's motion to dismiss the complaint.

The plaintiff was born in Cranford, New Jersey, in 1901, was taken by her parents to England in 1902, and to Germany in 1916. Her father died in 1919, her mother in 1946. In 1947 the plaintiff returned to this country. Pursuant to Vesting Orders Nos. 1530, 3493, and 3953, the Alien Property Custodian seized three· trust estates, which I shall designate as trusts A, B and C.

Under trust A the plaintiff claims that one half of the res became vested in her absolutely upon her mother's death. Under trust B plaintiff's mother had a life estate, and the plaintiff claims a one half

---

1 Act of October 6, 1917, c. 106, 40 Stat. 411, as amended, 50 U.S.C.A.Appendix, §§ 1 to 39.

interest in the funds accrued but not paid to her mother prior to death. Under trust C the plaintiff claims a life estate in one half of the trust res, the accumulated income which was not paid to the other life beneficiary prior to that beneficiary's death in 1945, and the trust res which allegedly became vested in her absolutely upon the other life beneficiary's death.

On May 15, 1947 and on July 24, 1947 the plaintiff filed claims in the Office of Alien Property for a refund of the aforementioned trust property which had been vested in the Custodian and for money which is due her as a creditor against her mother's estate. On June 18, 1948 the Office of Alien Property advised plaintiff's counsel: "In view of the extreme doubt on the issue of the claimant's eligibility, this branch can take no additional steps in the processing of this claim".

The plaintiff, now a resident of Philadelphia, Pennsylvania, desires to recover $22,711 plus accrued income on the trust funds from the date of seizure, and also an accounting of the moneys accrued to her mother so that she can recover $2,570 as a creditor against her mother's estate. She brings this action pursuant to Sections 9(a), 32(a)(1), and 34 of the Trading with the Enemy Act, as amended.

In accordance with Executive Order 9989 of August 20, 1948, 50 U.S.C.A.Appendix, § 6 note, the Attorney General was substituted for the Alien Property Custodian, and took over all the rights and liabilities of the Custodian.

Section 32(a)(1) permits the Attorney General to return the property of American citizens which has been vested in him. Section 34 establishes the administrative procedure for filing and paying debt claims. Section 9(a) is a general law permitting a claimant to institute suits in equity in the United States District Court for the district in which the claimant resides.

The plaintiff contends that Section 32(a)(1) allows the Attorney General to refund her property; that she filed her claim with the Office of Alien Property pursuant to Section 34; that the letter of June 18, 1948 from the Office of Alien Property is tantamount to and should be treated as a disallowance of her claims; that she brought this suit under Sections 32(a)(1) and 34; and that Section 9(a) gives this court jurisdiction of her complaint.

■ Both of the plaintiff's claims are debt claims, and she has in effect admitted this in the amended paragraph 1 of her complaint. This fact prevents this court from assuming jurisdiction of her complaint. The plaintiff cannot seek to invoke those subsections of Section 34 which establish the procedure for filing and paying debt claims and at the same time ignore other subsections which provide for judicial review of disallowed debt claims.

Section 34(i) provides that debt claims shall be governed exclusively by the provisions of Section 34.[2] Section 34(e) establishes that only the United States District Court for the District of Columbia has jurisdiction to entertain suits for debt claims which have been disallowed.[3]

■ Section 9(a), which purportedly gives jurisdiction to this Court, applies to all claims in general, and was part of the original act passed October 6, 1917, c. 106, § 9, 40 Stat. 419. Section 34 applies to a specific type of claim, namely debt claims, and was added by an amendment on August

---

[2] 60 Stat. 928, 50 U.S.C.A.Appendix, § 34(i): "The sole relief and remedy available to any person seeking satisfaction of a debt claim out of any property or interest which shall have been vested in or transferred to the Alien Property Custodian * * *, or the proceeds thereof, shall be the relief and remedy provided in this section, and suits for the satisfaction of debt claims shall not be instituted, prosecuted, or further main-

tained except in conformity with this section * * *."

[3] 60 Stat. 927, 50 U.S.C.A.Appendix, § 34(e): "Within sixty days after the date of mailing of the Custodian's determination, any debt claimant whose claim has been disallowed in whole or in part may file in the District Court of the United States for the District of Columbia a complaint for review of such disallowance naming the Custodian as defendant."

8, 1946, c. 878, § 1, 60 Stat. 925. When a specific statute is enacted subsequent to a general statute, the general statute is superseded to the extent of the later specific statute. Therefore, all debt claims are governed by Section 34, and Section 9(a) cannot be invoked to give this Court jurisdiction. Alley v. Clark, D.C., 71 F.Supp. 521; cf. Cabell v. Clark, 2 Cir., 162 F.2d 153.

Accordingly, this Court has no jurisdiction to entertain this complaint. In view of this conclusion, the defendant's numerous other reasons, advanced to dismiss the complaint, need not be considered.

The defendant's motion to dismiss the complaint is granted.